IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BILLY WERSHILA,<br>         Plaintiff,<br><br>v.<br><br>NICOLAS WILLSON,<br>         Defendant. | Case No. 2:25-cv-02157-JEH |

**Order**

Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated during various arrests. (Doc. 1). Now before the Court are Plaintiff's Petition to Proceed *in forma pauperis* ("IFP Petition") (Doc. 5) and Motion to Request Counsel (Doc. 4). For the reasons stated below, Plaintiff's Motions are DENIED.

**I**

As Plaintiff was not in custody when he filed his Complaint, the Prison Litigation Reform Act, 42 U.S.C. §1997e, does not apply and his IFP Petition must be reviewed under 28 U.S.C. §1915, which is designed to ensure indigent litigants have meaningful access to the federal courts. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court must deny an IFP Petition if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. §1915(e)(2); *see Hutchinson v Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

In his IFP Petition, Plaintiff asserts he is unemployed and has no home, vehicle, or other assets. During the last twelve months, Plaintiff received a gift of

$40.00. Plaintiff does not have a bank account and currently has $20.00 in cash. Plaintiff does not have any debts or dependents who rely on him for support. Plaintiff states he lives with his aunt, who pays the bills and provides transportation. Regarding his monthly expenses, Plaintiff states he spends $295.00 on food. Based on his lack of income and assets, the Court finds that Plaintiff is indigent and unable to pay the filing fee. However, the Court must deny Plaintiff's IFP Petition because his Complaint fails to state a claim.

Plaintiff alleges that he was arrested without a warrant on January 7, 2025, and was not read his *Miranda* rights. Plaintiff states "[t]he officer searched without a warrant." (Doc. 1 at p. 4). Plaintiff does not identify who arrested him and conducted the search. Plaintiff was taken to the Mattoon Police Department for processing and later released. On April 3, 2025, Plaintiff was arrested again and taken to the police department for prints. Plaintiff alleges he was denied a phone call and placed in segregation.

The remaining allegations of Plaintiff's Complaint are difficult to decipher. Plaintiff alleges a judge "forced [him] to participate in the court fraud," "police arrested [him] for failure to I.D. [himself]," and a "tow company [e]nforced statue [sic] against [him]." *Id.* at p. 4. In a conclusory fashion, Plaintiff alleges his wrists were cut from handcuffs, but he does allege who was responsible.

Plaintiff names Nicolas Willson, a police officer with the Mattoon Police Department, as the sole Defendant, but Plaintiff fails to explain how Officer Willson allegedly violated his constitutional rights. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). As a result, Plaintiff's Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil

Procedure 12(b)(6). Plaintiff will have the opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Petition to Proceed *in forma pauperis* is denied. Plaintiff will have 30 days in which to pay the $405 filing fee, or this case will be dismissed without prejudice.

## II

Plaintiff also filed a Motion to Request Counsel. (Doc. 4). Plaintiff has no constitutional or statutory right to counsel in this case. In considering his request for counsel, the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the Plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff's Motion is difficult to decipher, but it appears that he contacted two attorneys or law firms, but they did not respond to his request for representation. (Doc. 4 at p. 1). Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to several attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff is given leave to file an Amended Complaint within 30 days from the entry of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file a timely Amended Complaint, or if it fails to state a claim for relief, his case will be dismissed without prejudice.**

2. **Plaintiff's Petition to Proceed** *in forma pauperis* **[5] is DENIED. Plaintiff is DIRECTED to pay the $405.00 filing fee in full within 30 days of this Order. If Plaintiff fails to do so, this case will be dismissed without prejudice.**

3. **Plaintiff's Motion to Request Counsel [4] is DENIED with leave to renew.**

*It is so ordered.*

Entered: June 24, 2025

s/Jonathan E. Hawley
U.S. District Judge